**PNOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
HENRY PEREZ,                        :
                                    :  Civil Action No. 07-5346 (RBK)
            Petitioner,             :
                                    :
      v.                            :      **O P I N I O N**
                                    :
WARDEN GRONDOLSKY,                  :
                                    :
            Respondent.             :
_____ :

**APPEARANCES:**

    Henry Perez, Petitioner pro se
    48570-054
    FCI Fort Dix
    P.O. Box 2000
    Fort Dix, New Jersey 08640

**KUGLER**, District Judge

Petitioner Henry Perez, a federal prisoner currently confined at the Federal Correctional Institution in Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The named respondent is Warden

---

[1] Section 2241 provides in relevant part:
(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Jeff Grondolsky.  For the reasons stated herein, the petition will be dismissed.

## BACKGROUND

Petitioner is currently incarcerated pursuant to a sentence imposed by the United States District Court, Southern District of New York on June 23, 2006 for a conviction on drug offenses.  He was sentenced to 120 months imprisonment.  His projected statutory release date on the federal sentence is March 31, 2011.

On July 14, 2006, a couple of weeks after his federal sentence was imposed, Petitioner pled guilty to New York state drug charges, and was sentenced to six years imprisonment to run, concurrently with his federal sentence.  His state maximum release date is July 23, 2012.  Thus, as Petitioner points out, there is about a 15-month difference in release dates: his federal projected release date is March 31, 2011, while his state maximum release date is July 23, 2012.

Petitioner seeks a writ of habeas corpus, alleging that a detainer has been placed upon him by the State of New York, to obtain custody of him when his federal sentence expires. Petitioner argues that "there was no agreement at sentencing that there would be any State time left after the Federal Sentence is done.  This overlap was not agreed upon at the State Sentencing by the parties nor the Court."  (Petition, ¶ 3).  He states that the detainer placed upon him by the State of New York obstructs

his programming, rehabilitation, community-based programs, the RDAP drug program, and "a host of other programs." (Petition, ¶ 6). He asks this Court to order New York to "honor the agreed upon terms of the concurrent sentences." (Petition, ¶ 6).

## **ANALYSIS**

Respondent argues that Petitioner has not exhausted his claims through administrative remedies, and that the claims have no merit. This Court agrees.

Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner ordinarily may not bring a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence, until he has exhausted all available administrative remedies. See, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Arias v. United States Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981); Soyka v. Alldredge, 481 F.2d 303, 306 (3d Cir. 1973). The exhaustion doctrine promotes a number of goals:

> (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy.

Goldberg v. Beeler, 82 F. Supp.2d 302, 309 (D.N.J. 1999), aff'd, 248 F.3d 1130 (3d Cir. 2000). See also Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761 (3d Cir. 1996). Nevertheless, exhaustion of administrative remedies is not required where

3

exhaustion would not promote these goals.  See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); Carling v. Peters, 2000 WL 1022959, *2 (E.D. Pa. 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

Here, as evidenced by the record provided by Respondent, Petitioner has not filed any administrative remedies in the federal system; nor has he sought review of his sentence in state court.  Petitioner filed a motion in state court, however, it was returned to Petitioner as insufficient.  Here, the Bureau of Prisons ("BOP"), or the State of New York, should be given the opportunity to first review Petitioner's sentencing computation and grant him relief if appropriate.  The Court further finds that the futility exception to the exhaustion doctrine does not apply in Petitioner's case, as Petitioner can be granted the relief he seeks, i.e., the removal of the detainer, through the administrative process, without irreparable injury.

Alternatively, this Court finds that Petitioner's case does not have merit.  Concurrent sentences run simultaneously;

4

however, they are not required to end at the same time.  For example, if a person is sentenced to a 10-year sentence on one conviction, and then the next day is sentenced to a two-year sentence on a second conviction to run concurrently, it does not necessarily follow that after two years, the remainder of the 10-year sentence is excused.

## CONCLUSION

For the reasons set forth above, the petition will be denied.  An appropriate order follows.


                                          S/Robert B. Kugler
                                          ROBERT B. KUGLER
                                          United States District Judge

Dated: January 12, 2009